IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| RAYMOND GONSALVES, #A1032639, | ) ) ) | CIV. NO. 12-00034 LEK/KSC |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT AND ACTION |
| vs. | ) ) | |
| UNKNOWN JUDGE, | ) ) | |
| Defendant. | ) ) | |

## ORDER DISMISSING COMPLAINT AND ACTION

Before the court is *pro se* Plaintiff Raymond Gonsalves's ("Plaintiff") prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff names as Defendant an unknown state court judge who allegedly presided over Plaintiff's state court proceeding on January 11, 2012. Plaintiff claims this judge denied Plaintiff's right of access to the court when he or she allegedly refused to allow Plaintiff to file two motions during the proceeding.

The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for failure to state a claim. Plaintiff's *in forma pauperis* request is DENIED

### I. STATUTORY SCREENING

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must

dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).
//

## II. <u>DISCUSSION</u>

Plaintiff alleges that an unknown state court judge "recklessly, intentionally, maliciously, and knowingly" refused to allow him to file motions during a January 11, 2012, state court proceeding, allegedly denying Plaintiff meaningful access to the courts. ECF #1, Compl. at 2. Plaintiff seeks punitive damages and attorneys fees.

**A. Judicial Immunity**

Judges are absolutely immune from liability for damages based on acts performed in their official capacities. *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (*en banc*). Judicial immunity applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Id.* at 1074 (citing *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quotations omitted)). Judicial immunity is not affected "by the motives with which their judicial acts are performed." *Ashelman*, 793 F.2d at 1077.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotations omitted). The public policy that underlies judicial immunity is the furtherance of independent and disinterested judicial

3

decision making.  *Ashelman*, 793 F.2d at 1078.  To effectuate this policy, the Ninth Circuit broadly construes the scope of judicial immunity, which applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy.  *Id.*

Absolute immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief."  *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (discussing federal judges' immunities).  Moreover, in 1996 Congress amended 42 U.S.C. § 1983 to prohibit the grant of injunctive relief against *any* judicial officer, state or federal, acting in his or her official capacity "unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.

Judicial immunity is not absolute; there is no immunity if a judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.  *Ashelman*, 793 F.2d at 1075.  An act is judicial in nature if it is a function normally performed by a judge.  *Id.*  To determine whether an act is judicial or non-judicial, the Ninth Circuit asks whether:

> (1) the act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004).

It is clear that this unidentified state court judge was acting within his or her normal, official judicial capacity and function when he or she refused to accept Plaintiff's motions for filing, documents that Plaintiff presented "to defendant['s] courtroom to be filed." ECF #1, Compl. at 2. Because Plaintiff's allegations challenge core judicial functions, such as presiding over proceedings, maintaining control over the case docket, and determining motions, Plaintiff's claims are barred by the doctrine of judicial immunity. Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) &1915A(b), for failure to state a claim. Amendment is futile and this dismissal is with prejudice and without leave to amend. Plaintiff's *in forma pauperis* application is DENIED.

**B.    28 U.S.C. § 1915(g)**

Plaintiff is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This dismissal may constitute a strike under 28 U.S.C. § 1915(g).

## II. CONCLUSION

IT IS HEREBY ORDERED that:

(1) The Complaint is DISMISSED with prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2) Plaintiff's *in forma pauperis* request is DENIED.

(3) The Clerk of Court is DIRECTED to terminate this case and note on the docket that this case may constitute a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 24, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Gonsalves v. Unknown Judge*, Civ. No. 12-00034 LEK/KSC; Order Dismissing Complaint And Action; psas\screening\dmp 2012\Gonsalves 12-34 lek (ftsc jud imm)